Respondent; TIMOTHY M., SR., Respondent-Appellant. (Appeal No. 2.) [720 NYS2d 879] —Appeal from amended order insofar as it concerns disposition unanimously dismissed (*see, Matter of Cherilyn P.*, 192 AD2d 1084, *lv denied* 82 NY2d 652) and amended order affirmed without costs. Memorandum: We reject the contention of respondent that his due process rights were violated when Family Court refused to order disclosure of unfounded reports of child abuse from 1993 and 1994 (*see,* Social Services Law § 422 [former (5)]; *K. v K.*, 126 Misc 2d 624, 626-627). In addition, the court properly refused to permit a caseworker to testify concerning a 1993 investigation that resulted in an unfounded report "inasmuch as that would constitute an impermissible circumvention of the express purpose of [Social Services Law § 422 (former [5])]" (*K. v K., supra*, at 627). (Appeal from Amended Order of Oneida County Family Court, Cook, J.—Abuse.) Present—Pigott, Jr., P. J., Pine, Hurlbutt, Kehoe and Lawton, JJ.

In the Matter of the Dissolution of WESTERN NEW YORK BARREL & DRUM CO., INC., PHILIP H. REID, Respondent; GLEN HAVEN COMMERCIAL CORP., Appellant. (Appeal No. 1.) [720 NYS2d 879] —Order unanimously affirmed with costs for the reasons stated at Supreme Court, NeMoyer, J. (Appeal from Order of Supreme Court, Erie County, NeMoyer, J.—Business Corporation Law.) Present—Pigott, Jr., P. J., Pine, Hurlbutt, Kehoe and Lawton, JJ.

In the Matter of the Dissolution of WESTERN NEW YORK BARREL & DRUM CO., INC., PHILIP H. REID, Respondent; GLEN HAVEN COMMERCIAL CORP., Appellant. (Appeal No. 2.) [720 NYS2d 970] —Order and judgment unanimously affirmed with costs for the reasons stated at Supreme Court, NeMoyer, J. (Appeal from Order and Judgment of Supreme Court, Erie County, NeMoyer, J.—Business Corporation Law.) Present—Pigott, Jr., P. J., Pine, Hurlbutt, Kehoe and Lawton, JJ.

FRANCIS DAHL, JR., et al., Respondents, v ARMOR BUILDING SUPPLY, Appellant. [720 NYS2d 880] —Order unanimously affirmed with costs. Memorandum: Supreme Court properly granted plaintiffs' motion for partial summary judgment on liability under Labor Law § 240 (1). Plaintiffs sustained their initial burden on the motion by demonstrating that Francis Dahl, Jr. (plaintiff) was engaged in a protected activity, the erection of a building or structure (*see,* Labor Law § 240 [1]), and that his accident involved the elevation-related hazards that the statute was intended to protect against (*see, Gordon v Eastern Ry. Supply*, 82 NY2d 555, 560-561; *see generally, Mel-*